## THE STATE v. SLAVE DICK.

Challenges for cause must be made before the juryman is sworn.

On the trial of a slave, under the Act of 1846, it is competent for the jury to decree that he should " be sentenced to *perpetual imprisonment*, and it is to be inferred from such a decree that the jury intended the convict to be sentenced to hard labor for life in the State Penitentiary. The sentence by the magistrate of the convict to the Penitentiary for life is authorized by such a verdict.

APPEAL from Justice of the Peace of the parish of St. Bernard.
*Foulhouze*, for defendant.    *Lombard*, District Attorney, for the State.

SPOFFORD, J.    A jury, organized under the Act of June 1st, 1846, to try the slave *Dick*, accused of a felonious assault upon a white woman, found the follow-ing verdict: " Guilty, without capital punishment; to be sentenced to perpetual imprisonment." Whereupon the presiding Justice sentenced the accused " to be safely conducted and lodged in the State Penitentiary for life."

The slave has appealed.

The objections urged, upon the motion for a new trial, to the competency of some of the jurors, if they ever had any weight, cannot be listened to here. The accused suffered the jurors to be sworn without offering any challenge for cause, and could not be permitted to take the chances of a verdict in his favor, reserving a right to object to the jurors if the verdict went against him. *State* v. *Isaac*, 3 An., 360; *State* v. *Dick*, 4 An., 183; *State* v. *Jerry*, 4 An., 191; *State* v. *Jack-son*, 6 An., 596.

It is alleged that section 9 of the Act of 1st June, 1846, (Session Acts, p. 114,) prescribes only two kinds of punishment to be inflicted upon slaves convicted under its provisions, to wit: death and corporeal punishment, and that, therefore, it was not competent for the jury to decree that the defendant should be sen-tenced to perpetual imprisonment.

But in the case of the *State* v. *Lewis*, 3 An., 398, it was held that section 7 of the Act of 6th April, 1843, (Session Acts, p. 92,) was not repealed by the Act of 1st June, 1846, (Session Acts, p. 114.) The same doctrine was reiterated in the *State* v. *Jackson*, 6 An., 595. The 7th section of the former statute declares " that in all cases where capital punishment or imprisonment at hard labor for life is inflicted for any crime committed by a slave, the jury trying the same shall, in its discretion, pronounce sentence of death, imprisonment *at hard labor for life*, or for a shorter term *in prison* or in irons at the service of his master, or order that corporeal punishment be inflicted." Under this provision, the judg-ments sentencing the slave *Lewis* to " imprisonment at hard labor in the Peniten-tiary for twenty years " for the crime of murder, and the slave *Jackson* to " im-prisonment for life in the Penitentiary " for the crime of arson, were affirmed by the Supreme Court.

It is alleged as error apparent upon the record that the jury found the prisoner " guilty, without capital punishment; to be sentenced to perpetual imprisonment," and that the Justice sentenced him to the Penitentiary for life, which sentence was unauthorized by the verdict. But although the Act of the 29th May, 1846, (Session Acts, p. 118,) authorizing juries to qualify their verdicts in capital cases by adding the words " without capital punishment," was intended for the govern-

ment of free persons alone, yet the use of that formula by the jury in this case is a sufficient indication that they thereby intended that the convict should be sentenced to hard labor for life in the State Penitentiary in accordance with the 2d section of that Act. A similar inference was drawn from a similar verdict in the case of the *State* v. *Jackson*, already cited, where the court remarked that the intention of the jury was palpable to punish the convict with perpetual imprisonment, and it was not for the slave to complain that the jury extended to him the leniency expressly provided for free persons, and in the same form.

The omission of the magistrate to insert the words "at hard labor" in the sentence, even if it exonerated the defendant from that part of the penalty of his guilt, could not, for the same reason, be assigned by him as error.

But that omission, in the present case, amounts to nothing. His sentence to the State Penitentiary for life implies that he is to be subjected to the treatment prescribed for other slaves confined there for crime.

The 14th section of the Act of 1846, relative to the trial of slaves, declares that "no proceedings in accordance therewith shall be annulled or impeded by any error or form therein."

As to the suggestion that the owner may be deprived of compensation for his slave by the course complained of, it is sufficient to refer to the 2d section of the Act of 4th May, 1847, (Session Acts, p. 216,) amendatory of the Act of 1st June, 1846, which provides "that the Auditor of Public Accounts shall issue his warrant in favor of the owner of any slave who may have been or shall be convicted of a capital crime, on proof of the execution of such slave, *or of delivery of said slave into the State Penitentiary*," etc., etc.

It will also be observed that this Act contains a legislative recognition of the doctrine afterwards announced in the *State* v. *Lewis*, that the anterior laws relative to the punishment of slaves by imprisonment in the Penitentiary were not repealed by the Act of June 1st, 1846.

The judgment is affirmed with costs.